IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONIQUE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>REALPAGE, INC.<br>d/b/a LEASING DESK<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. _____<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Monique Williams is an adult individual who resides in Westport, CT.

5. Defendant Realpage, Inc. d/b/a Leasing Desk (Realpage) is a consumer reporting agency that regularly conducts business in the Northern District of Georgia. Defendant has a registered agent located at 4228 First Avenue, Suite 10, Tucker, GA 30084.

## FACTUAL ALLEGATIONS

6. On or about October 18, 2011, Plaintiff applied for a rental property at Wharfside Commons in Middleton Connecticut.

7. Wharfside Commons requested, and Defendant provided for a fee, a consumer report to be used in consideration with Plaintiff's application for a rental property.

8. A consumer report is defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—

  (A) credit or insurance to be used primarily for personal, family, or household purposes;

  (B) employment purposes; or

  (C) any other purpose authorized under section 1681b of this title," which includes any legitimate business need. 15 U.S.C. § 1681a(d)(1).

9. A consumer reporting agency is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

10. Further, a "nationwide specialty consumer reporting agency" is any "consumer reporting agency" that compiles and maintains files on consumers relating to, among other things, "residential or tenant history." 15 U.S.C. § 1681a(w).

11. Defendant is a consumer reporting agency since it regularly and for a fee assembles and evaluates consumer information and provides consumer reports.

- 3 -

12. "Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report." *Cortez v. Trans Union, LLC,* 617 F.3d 688, 711 (3d Cir. 2010), (*citing Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)).

13. Thus, all information contained in consumer reports are subject to the requirements and rigors of the FCRA, including section 1681e(b) requiring that "whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." (emphasis added).

14. Items of information in consumer reports must relate only to the consumer who is the subject of the report, and not any other person. *Cortez*, 617 F.3d at 709-11.

15. Defendant acting in its capacity as a consumer reporting agency, sold a consumer report about Plaintiff in or around October 2011, to Wharfside Commons in connection with Plaintiff's rental application.

16. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (inaccurate information) from at least October 2011 through present.

17. Specifically, the inaccurate information includes criminal offense records that do not belong to the Plaintiff. These crimes took place in Georgia, specifically Criminal Trespass in Gwinnett County and Impersonating Another, Theft by Shoplifting and False Swearing in Grady County. Plaintiff did not commit these crimes, was never charged with these crimes and was not a party to any of these criminal actions.

18. The Defendant also included numerous items of personal information in the consumer report it sold about Plaintiff that did not belong to her, including the names "Crystal Monique Williams," "Ardria Lynn Davis," "Adra Lynn Davis," "Andria Davis," "Ardria Davis," "Audria Lynn Davis," "Audrie Lynn Davis," "Azdria Davis," "Monica Marshall," "Ardria Marshall," "Ardria Lynn Marshall," and "Monica Williams," which correspond to the erroneously reported crimes.

19. Plaintiff has never used any of these names.

20. The inaccurate information negatively reflects upon the Plaintiff, and portrays her as a criminal, a thief and a liar, which she is not. The inaccurate information consists of incorrect statements which misrepresent her criminal history as well as incorrect personal identifying information.

21. Due to Defendant's faulty procedures, Defendant mixed the consumer file of Plaintiff and that of another consumer with a similar name with respect to the inaccurate information and other personal identifying information.

22. Defendant did not follow any procedure which would have assured that, at the time it prepared the report about Plaintiff, the crimes actually related to Plaintiff.

23. Instead, in creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. For example, Defendant allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, with a name, address, and date of birth, within Plaintiff's consumer report.

24. In or around November 2011, Plaintiff was told by the representatives or agents of Wharfside Commons that she was denied the apartment rental because they do not allow consumers with a significant criminal history to reside in their rental units.

25. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer information and consumer reports that it has disseminated to various persons and potential landlords known and unknown.

Defendant has published and disseminated consumer reports to such third parties from at least October 2011 through the present.

26. Plaintiff's consumer report and file has been obtained from Defendant and has been reviewed by one or more prospective landlords and the inaccurate information has been a substantial factor in precluding Plaintiff from obtaining a rental property. Plaintiff's consumer reports have been obtained from Defendant by such third parties from at least October 2011 through the present.

27. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of a loss of a rental property, harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

28. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

29. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## (PLAINTIFF v. DEFENDANT)

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

32. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

## JURY TRIAL DEMANDED

35. Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Other and further relief as may be just and proper.

Respectfully submitted,

/s/   James Feagle
James Feagle, Esq.
Georgia Bar No. 256916
Skaar & Feagle, LLP
108 E. Ponce de Leon Avenue
Suite 204
Decatur, Georgia 30030
Telephone: (404) 373-1970
Facsimile: (404) 601-1855

Kris Skaar, Esq.
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe, Esq.
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com

                                      P.O. Box 1478
                                      331 Washington Ave.
                                      Marietta, GA 30061-1478
                                      Telephone: (770) 427-5600
                                      Facsimile: 404) 601-1855

                                      Erin A. Novak, Esq.
                                      (*pro hac vice* motion forthcoming)
                                      Francis & Mailman, P.C.
                                      100 South Broad Street, 19th Floor
                                      Philadelphia, PA  19110
                                      Telephone:  (215) 735-8600
                                      Facsimile: (215) 940-8000

Date: October 16, 2013                               ***Attorneys for Plaintiff***