IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONIQUE WILLIAMS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:13-CV-3414-RWS-JSA |
| REALPAGE, INC., d/b/a Leasing Desk, | : |
| Defendant. | : |

# **O R D E R**

The above-captioned action is before the Court on Defendant's Motion to Transfer Venue [9].[1] Defendant requests that this action be transferred to the Eastern District of Texas, Sherman Division, on the ground that it will be a more convenient forum for the parties and witnesses than the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a), which provides that:

---

[1] A motion to transfer venue under 28 U.S.C. § 1404 is considered a non-dispositive pretrial matter that is subject to resolution by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. *See Silong v. U.S.*, 5:05-CV-55-OC-10GRJ, 2006 WL 948048, at *1 n.1 (M.D. Fla. April 12, 2006); *Blinzler v. Marriott Internat'l, Inc*, 857 F. Supp. 1, 2 (D.R.I. 1994); *Searcy v. Knostman*, 155 B.R. 699, 702 (S.D. Miss. 1993); *O'Brien v. Goldstar Tech., Inc.*, 812 F.Supp. 383 (W.D.N.Y.1993); *Russell v. Coughlin*, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug.19, 1992). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Plaintiff has not opposed the Defendant's Motion to Transfer Venue. Instead, the parties have entered a "Stipulation to Transfer Venue to the United States District Court for the Eastern District of Texas, Sherman Division" [12] ("Stipulation"). In the Stipulation, the parties state that they agree that this case should be transferred to the Eastern District of Texas, Sherman Division. Stipulation [12] at 1.

Accordingly, Defendant's Motion to Transfer Venue [9] is **GRANTED** as unopposed. This action is **TRANSFERRED** to the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED** this 22nd day of January, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE